mate cause is that cause but for which there would not have been any injury.

Now in the instant case, it is admitted by plaintiff that she turned her ankle and fell down on the stairs and she wants one to assume that she might have caught the handrail; but I judge from the way she fell down the stairs, as described by counsel, it would have been impossible for her to grab the rail. In any event the proximate cause of her **falling** was not the absence of the handrail but the fact that she had twisted her ankle on the stairway and then fell or "skidded" down to the bottom of the stairway.

Now she might have caught the handrail had there been one there; and again she might not have caught it. It is a mere speculation at best. The court could well find that the handrail or the absence of the rail had nothing to do with this injury; and while he put it on the ground of an assumption of risk, it does not make any material difference. If his judgment is right on any basis, it should not be reversed.

We think the court from this record reached the right conclusion that the proximate cause of this injury was not the absence of the handrail but on the contrary that the proximate cause was the falling of this woman on the stairway by twisting her ankle.

There being no error in the case that would warrant us in disturbing the judgment of the municipal court, the same is affirmed.

Levine, J., concurs. Sullivan, J., not participating.

### BYKOWSKI v STATE

*Ohio Appeals, 8th Dist, Cuyahoga Co*
No. 10413. Decided January 20, 1930

Mr. Moses H. Dixon, Cleveland, for Bykowski.
Mr. Fred W. Garmore, for State.

**VICKERY, PJ.**

Taking the whole record into consideration we think that the evidence justified the conviction and that there is no error appearing that would warrant us in disturbing the judgment of the municipal court.

Levine, J., concurs. Sullivan, J., not participating.

### MORRIS J. ROSE v SELMA E. ROSE, et

(Two cases)

*Ohio Appeals, 9th Dist, Summit Co*
Nos. 1716 & 1725. Decided December 6, 1929

Mr. Carl M. Myers, Akron, for Morris J. Rose.
Messrs. Rockwell & Grant, Slabaugh, Seiberling, Huber & Guinther, Akron, and Max P. Goodman, Cleveland, for Selma E. Rose, et.

be reversed, and there being no evidence to warrant a conviction, the plaintiff in error is discharged.

Levine, J., concurs. Sullivan, J., not participating.

## MARDIGAN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10429. Decided January 20, 1930

Mr. Ben P. Rabb, Esq., Cleveland, for Mardigan.

Mr. Julius Kovachy, Esq., Cleveland, for State.

## AKERS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10154. Decided December 9, 1929

Messrs. S. C. Glenn and T. W. Fleming, Cleveland, for Akers.

Messrs. Ray T. Miller and D. R. Hartz, Cleveland, for State.

LEMERT, P. J. and SHERICK, J. (5th Dist) sitting

VICKERY, PJ.

We fail to see where there is any evidence in this record that would warrant a conviction of the plaintiff in error for violating the liquor law. In other words, it is an exceedingly weak case, there being no evidence to show a trafficking in liquor and the explanation of the party being made, we think that the conviction was wrong and the judgment of the court will